**JENNER & BLOCK LLP**
Kate T. Spelman (SBN 269109)
kspelman@jenner.com
515 Flower Street Suite 3300
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

**JENNER & BLOCK LLP**
David C. Layden (to apply *pro hac vice*)
dlayden@jenner.com
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350

Attorneys for Defendant
Nuance Communications, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SMITH and AARON YOUSHEI, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>   v.<br><br>NUANCE COMMUNICATIONS, INC.,<br><br>                              Defendant. | Case No:<br>[Alameda Superior Court Case No. 23-CV-025859]<br><br>**DEFENDANT NUANCE COMMUNICATIONS, INC.'S NOTICE OF REMOVAL** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Nuance Communications, Inc. hereby effects the removal of this action from the Superior Court of California, County of Alameda to the United States District Court for the Northern District of California.

1. Removal is proper under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(a) (providing that Alameda County is part of the Northern District of California).

**FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS**

2. Plaintiffs filed this lawsuit in Alameda County Superior Court on January 17, 2023. *See* Ex. A (State Court Complaint and Summons). Plaintiffs effected service on Nuance on January 24, 2023. *See* Ex. B (Proof of Service).

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the state court case file is attached to this Notice of Removal. The file includes all process, pleadings, and orders filed in this case, including the Summons and Complaint (Ex. A) and all other documents filed in the state court (Ex. C).

4. Plaintiffs allege that Nuance "unlawfully uses, records, and/or examines their biometric voice print or voice stress pattern data" through its software, Gatekeeper, which is used by "a variety of companies, such as JPMorgan Chase & Co." "to verify their callers' identities." Compl. ¶¶ 1, 3, 7, 20. Specifically, Plaintiffs allege that when they called Chase's customer support, Nuance "examined and recorded their voice prints or voice stress patterns to determine the truth or falsity of their statements" without first obtaining express written consent from Plaintiffs. *Id.* ¶¶ 54–55. Plaintiffs allege that Nuance thereby violated the California Invasion of Privacy Act, Cal. Penal Code § 637.3.

5. Plaintiffs seek statutory damages, injunctive and declaratory relief, litigation expenses and attorneys' fees, and pre- and post-judgment interest. *See* Compl. p. 10 (Prayer for Relief). They seek these remedies on behalf of all California residents "who had their voice prints or voice stress patterns recorded

and examined by Nuance to determine their identities without first obtaining prior written consent." *Id.* ¶ 44.

### REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

6.  CAFA provides that federal courts have original jurisdiction over class actions in which (i) any plaintiff is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d); *see also Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014) (noting that legislative history states CAFA's "provisions should be read broadly.").[1] As demonstrated below, all three conditions are met here, therefore the action is removable under 28 U.S.C. § 1332(d).

### Plaintiff Has Alleged That The Putative Class Is Sufficiently Numerous

7.  Plaintiffs purport to bring this action on behalf of "[a]ll residents of the State of California who had their voice prints or voice stress patterns recorded and examined by Nuance to determine their identities without first obtaining prior written consent." Compl. ¶ 44. The putative class encompasses customers of a "variety of companies," including Chase, that allegedly utilize Nuance software. *Id.* ¶ 3. According to Plaintiffs, this putative class includes "thousands of people." *Id.* ¶ 45.

8.  Those allegations are sufficient to establish that the putative class has over 100 members for purposes of CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

### The Parties Are Minimally Diverse

9.  CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices.") (citation omitted).

10.  Plaintiffs allege that they are citizens of California. Compl. ¶¶ 9–10. They purport to represent a class of California residents. *Id.* ¶ 44.

11.  Nuance is incorporated in Delaware and maintains its principal place of business in

---

[1] By demonstrating this matter is removable under 28 U.S.C. § 1332(d), Nuance does not waive, and expressly reserves, its arguments that there is no basis to certify a class here, no basis for Plaintiffs' claims, and no basis to award damages.

Burlington, Massachusetts. Compl. ¶ 11. Nuance therefore is a citizen of Delaware and Massachusetts for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

12. The minimal diversity requirement is satisfied here because at least one – if not all – of the members of the putative class resides in a state other than Delaware or Massachusetts. *See* 28 U.S.C. § 1332(d)(A) (extending jurisdiction to cases in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

13. Moreover, because Nuance is not a citizen of California, the state in which the action was originally filed, CAFA's "local controversy" exception does not apply. *See* 28 U.S.C. § 1332(d)(3). The same is true for CAFA's "home state" exception. *See id.* § 1332(d)(4).

**There Is At Least $5,000,000 In Controversy**

14. A defendant removing an action under CAFA need not offer evidence to substantiate the amount in controversy; rather, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (applying *Dart Cherokee* standard to removal under CAFA); *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (holding that a "preponderance of the evidence" standard applies only after "a defendant's assertion of the amount in controversy is challenged") (citations and internal quotation marks omitted).

15. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The court must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

16. To satisfy the amount-in-controversy requirement, a defendant must establish only that "the potential damages *could* exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010))

(emphasis added). "The amount in controversy is not a prospective assessment of [a] defendant's liability"; instead, "it is the amount at stake in the underlying litigation." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citations and internal quotation marks omitted). "To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is *reasonably possible* that the potential liability exceeds $5 million." *Greene*, 965 F.3d at 772 (emphasis added).

17. In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205; *see also, e.g.*, *Greene*, 965 F.3d at 772 ("[T]he amount in controversy is the 'amount *at stake* in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability.") (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.") (citation omitted). For that reason, the Ninth Circuit has made clear that a court cannot "delve into the merits" or conduct "a fact-based analysis of the merits" in assessing the amount in controversy. *Greene*, 965 F.3d at 774.

18. The amount placed in controversy by Plaintiffs' complaint satisfies CAFA's jurisdictional threshold.

19. As noted above, Plaintiffs allege that when Nuance's customers use Nuance Gatekeeper software, Nuance "unlawfully uses, records, and/or examines [Plaintiffs' and putative class members'] biometric voice print or voice stress pattern data." Compl. ¶¶ 1, 7, 20. Plaintiffs asserts purported claims on behalf of "[a]ll residents of the State of California who had their voice prints or voice stress patterns recorded and examined by Nuance to determine their identities without first obtaining prior written consent," a class which Plaintiffs contend consists of "thousands of people." *Id.* ¶¶ 44–45.

20. Further, Plaintiffs assert that Gatekeeper is used by a "variety of companies," including Chase (where Plaintiffs are customers). Compl. ¶¶ 1, 7, 20. In Los Angeles alone, "Chase serves more than five million consumers and has a local network of nearly 300 branches." *Chase Opens California Flagship Branch in Downtown Los Angeles*, CHASE MEDIA CENTER (Dec. 9, 2021), https://media.chase.com/news/chase-opens-california-flagship-branch-in-downtown-los-angeles. Plaintiffs' allegations thus potentially put in controversy the alleged unlawful "use, record[ing], and/or

examin[ation]" of alleged voiceprints of millions of Chase customers.  And Chase is only *one* of the "variety of companies" that Plaintiffs claim utilize Gatekeeper software.

21. Consequently, because statutory damages of $1,000 *per violation* are available under CIPA, it is "reasonably possible" that Plaintiffs' allegations, taken as true solely for purposes of this Notice of Removal, place more than $5 million in statutory damages in controversy.  *See Greene*, 965 F.3d at 772.

22. Plaintiffs also seek to recover attorneys' fees.  *See* Compl. at p.10.  For purposes of assessing the amount in controversy, the Court is not limited to considering fees incurred at the time of removal; rather, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."  *Fritsch v. Swift Transp. Co*., 899 F.3d 785, 794 (9th Cir. 2018) (holding that the amount in controversy includes fees potentially incurred after removal); *see Bayol v. Zipcar, Inc.*, No. 14-2483, 2015 WL 4931756, at *7 (N.D. Cal. Aug. 18, 2015) ("The amount in controversy can include . . . attorneys' fees[.]").

23. Fee requests in consumer class actions, such as this case, are often significant.  *See, e.g.*, *Troy v. Aegis Senior Communities LLC*, No. 16-3991, 2021 WL 6129106, at *4 (N.D. Cal. Aug. 23, 2021) (awarding $6,350,000 in fees and $1,174,531.06 in costs in consumer class action); *In re EasySaver Rewards Litig.*, No. 09-2094, 2020 WL 2097616, at *21 (S.D. Cal. May 1, 2020) (awarding $3,417,904.13 in attorney's fees in consumer class action); *Broomfield v. Craft Brew Alliance, Inc.*, No. 17-1027, 2020 WL 1972505, at *30 (N.D. Cal. Feb. 5, 2020) (awarding $2,263,779.69 in fees and $329,973.59 in costs in consumer class action).

24. Therefore, when aggregated, the amount in controversy in this action readily exceeds CAFA's $5 million threshold.

**REMOVAL IS TIMELY**

25. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within thirty days of service of the summons and complaint.  Plaintiffs effected service on Nuance's registered agent for service of process on January 24, 2023.  *See* Ex. B.  Because this Notice of Removal is filed within 30 days of January 24, 2023, it is timely.

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

26. Venue is proper in this Court because Plaintiffs filed their complaint in Alameda Superior Court, which is located in this District. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. § 84(a) (providing that Alameda County is part of the Northern District of California).

27. No attorneys for Nuance have entered an appearance or filed any pleadings or other papers responding to the Complaint in the Superior Court.

28. Pursuant to 28 U.S.C. § 1446(d), Nuance will promptly give written notice of the filing of this Notice of Removal to Plaintiffs and will promptly file a written notice, along with a copy of this Notice of Removal, with the Clerk of the Alameda Superior Court and serve it on all parties.

## CONCLUSION

WHEREFORE, Nuance gives notice of the removal of this action from the Superior Court of California, Alameda County to the United States District Court for the Northern District of California.

DATED: February 22, 2023        JENNER & BLOCK LLP

By: /s/ Kate T. Spelman
    Kate T. Spelman

    Attorneys for Defendant
    Nuance Communications, Inc.

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On February 22, 2023, I served the following documents in the manner described below:

**DEFENDANT NUANCE COMMUNICATIONS, INC.'S NOTICE OF REMOVAL**

- ✓ BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Jenner & Block LLP's electronic mail system to the email addresses set forth below.

On the following parties in this action:

Rafey S. Balabanian
**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Telephone: (415) 212-9300
Facsimile: (415) 373-9435
Email: rbalabanian@edelson.com

Attorneys for Plaintiffs
Daniel Smith and Aaron Youshei

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 22, 2023, in Los Angeles, California.

*/s/ Christal Oropeza*